**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

INSIDER, INC. & JOHN NEWSHAM

Plaintiffs,

v.

UNITED STATES SMALL BUSINESS
ADMINISTRATION,

Defendant

No. 1:26-cv-04362

**COMPLAINT**

**INTRODUCTION**

Plaintiffs Insider, Inc. and John Newsham, by their undersigned attorneys, allege:

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for declaratory, injunctive, and other appropriate relief.

2.      By this action, plaintiffs seek to compel defendant U.S. Small Business Administration ("SBA") to release records sufficient to identify recipients of Shuttered Venue Operators Grants ("SVOG") that received Notices of Amount Due.

3.      The distribution and subsequent clawback of pandemic-relief funds have been the subject of substantial public concern, including concerns about administrative overpayments, arbitrary agency demands, and the fairness of recovery efforts in the SVOG program. The public has a significant interest in understanding how SBA is identifying, pursuing, and recovering allegedly improper SVOG payments.

COMPLAINT - 1

## PARTIES

4.      Plaintiff Insider, Inc. publishes Business Insider—a news website focused on business, technology, and innovation available at https://www.businessinsider.com—and is headquartered in this judicial district at One Liberty Plaza, 8th Floor, New York, New York, 10006.

5.      Plaintiff John Newsham ("Jack Newsham") is an employee of Insider, Inc. and a correspondent at Insider. He works in Insider's New York, NY bureau.

6.      Defendant SBA is a federal government agency within the meaning of 5 U.S.C. § 552(f)(1) that has possession and control of the information sought by plaintiffs.

## JURISDICTION AND VENUE

7.      This Court has subject-matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

8.      Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

### The Request

9.      On March 12, 2026, plaintiff Newsham, acting in his capacity as a reporter for Insider, Inc., submitted the following FOIA request (the "Request") to SBA via email to FOIA@sba.gov:

> *Please provide records sufficient to identify the 600+ SVOG grantees that have received a "Notice of Amount Due" from June 2025 to the date of fulfillment of this request. See these 2 articles for background information:*
>
> *https://www.jdsupra.com/legalnews/sba-continues-to-demand-unwarranted-7383044/*
>
> *https://www.pilieromazza.com/svog-alert-sba-demands-supplemental-documents-from-grant-recipients-who-appealed-sbas-decision-to-rescind-their-svog-grants/.*

COMPLAINT - 2

A true and correct copy of the Request is annexed as Exhibit A. The Request was assigned number SBA-2026-001530.

10.    By letter dated April 1, 2026, and sent the same day via email, SBA replied to plaintiffs' Request, denying it in full. SBA explained that it was withholding all responsive documents pursuant to FOIA Exemption 4, 5 U.S.C. § 552(b)(4), and Exemption 6, *id.* §552(b)(6). It opined that releasing responsive documents "would unnecessarily cause an invasion of personal privacy" that would outweigh any benefit to public interest. The initial determination did not explain why Exemption 4 was applicable. A true and correct copy of the defendant's response to the Request is annexed as Exhibit B.

11.    On April 17, 2026, plaintiffs timely appealed.

### Administrative Appeal

12.    By letter dated April 14, 2026, and sent via mail the same day and by email on April 17, 2026, to Oreoluwa Fashola, FOIA Officer, plaintiffs administratively appealed SBA's denial of the Request (the "Appeal"). A true and correct copy of the plaintiffs' email and the attached Appeal and its exhibits, is annexed as Exhibit C.

13.    On April 17, 2026, via email, Mr. Fashola acknowledged receipt of the Appeal and assigned it tracking number SBA-2026-001892. A true and correct copy of this email is annexed as Exhibit D.

14.    By letter dated May 21, 2026, and sent the same day via email, Mr. Fashola replied to plaintiffs' Appeal, affirming the agency's initial determination to withhold the records in full on modified grounds. In the decision, SBA conceded that Exemption 4 does not protect the fact of the existence of a debt dispute, and that Exemption 6 does not apply to the corporate and business entities that make up the vast majority of SVOG grantees. The appeal decision cited and relied

COMPLAINT - 3

primarily on Exemptions 7(A), 7(C) and 7(E), 5 U.S.C. § 552(b)(7)(A), (C) & (E). A true and correct copy of SBA's appeal determination is annexed as Exhibit E.

15.     The identities of all SVOG grantees are already a matter of public record. Because the relevant grantees are already aware that they have received a Notice of Amount Due, the SBA cannot demonstrate any foreseeable harm or risk of interference with an administrative process by disclosing a list of their identities to the public.

16.     Plaintiffs, through Newsham's request made in his capacity as a reporter for Insider, Inc., have now exhausted all applicable administrative remedies.

## CLAIM
### (Failure to Disclose Non-Exempt Records)

17.     Plaintiffs repeat, re-allege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

18.     SBA is subject to FOIA and must therefore disclose upon request any non-exempt records in its possession at the time of the request and must provide a lawful reason for withholding any information as to which it is claiming an exemption.

19.     Plaintiffs identified with reasonable specificity records within the custody and control of SBA that they wish to inspect.

20.     Plaintiffs exhausted all applicable administrative remedies.

21.     SBA has wrongfully withheld responsive agency records in full.

22.     SBA has failed to carry its burden to justify withholding the requested records under any FOIA exemption.

23.     SBA has failed to disclose all reasonably segregable, non-exempt portions of responsive records.

COMPLAINT - 4

24.     SBA has not shown that disclosure of the requested records, or reasonably segregable portions thereof, would foreseeably harm an interest protected by any FOIA exemption.

25.     Accordingly, plaintiffs are entitled to an order compelling SBA to produce the records requested and all reasonably segregable, non-exempt portions thereof.

## RELIEF REQUESTED

**WHEREFORE**, plaintiffs respectfully request this Court to:

1.     Declare that the information requested by plaintiffs is non-exempt and must be disclosed pursuant to 5 U.S.C. § 552;

2.     Order SBA to disclose the requested records, including all reasonably segregable, non-exempt portions thereof, within twenty business days of the Court's order;

3.     Enjoin defendant from charging plaintiffs any fees for processing their request;

4.     Award plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

5.     Grant such other and further relief as the Court deems just and proper.

Dated this 26th day of May, 2026.

Respectfully submitted
INSIDER, INC.

Christopher Bix Bettwy
Maryanne Stanganelli
Insider, Inc.
One Liberty Plaza, Eighth Floor
New York, NY 10006
Email: bbettwy@businessinsider.com

*Counsel for Plaintiffs*

COMPLAINT - 5